KNOLL, J,
dissenting.
hi respectfully dissent from the majority’s recall of this writ grant, as I find defendant, Elmer E. Prescott, breached his duty of care as a fiduciary. As an independent executor for the estate of Edward Thomas Davis, Prescott failed to inform the legatees of his execution of a three-year mineral lease with AIX Energy on succession property in Claiborne Parish. Because of this failure, one of the legatees, Steven M. Davis, sold his 1/5 interest in the property for substantially less than it was worth.
Despite Article 3396.15’s significant relaxation of the |2procedural rules for administering estates, an independent executor is, above all else, “a fiduciary and is responsible for his actions.” La.Code Civ. Proc. art. 3396.15, Official Revision Comments (b). Although the Court of Appeal correctly concluded Prescott did not breach any fiduciary duty by failing to obtain Davis’s approval for the AIX lease, its analysis failed to consider that Prescott may have breached a broader fiduciary obligation by failing to make good faith, managerial disclosures to the legatees, specifically Davis. Prescott *850 breached this broader obligation when he neglected to notify Davis of the AIX Energy lease prior to Davis’s sale of his 1/5 interest in the succession property to SOTJ, L.L.C.
Although Prescott was an independent executor, freed from many of the procedural rules ordinarily associated with the administration of estates, his role as a succession representative still placed him in a fiduciary relationship with respect to Edward Thomas Davis’s legatees. An independent executor, like any fiduciary, is required to engage in “good faith dealing and managerial disclosure with the heirs and legatees for whom he represents.” In re Succession of Davis, 43,096, pp. 9-10 (La.App. 2 Cir. 3/19/08), 978 So.2d 606, 611. The comments to Article 3396.15 make this point clear, stating “[although the procedural rules are relaxed, the succession representative is a fiduciary and is responsible for his actions.” La.Code Civ. Proc. art. 3396.15, Official Revision Comments (b). As a fiduciary, an independent executor, like any other succession representative, owes a duty to the heirs and legatees and may not place his own interests above those of the succession. See, e.g., In re Succession of Linder, 11-633, pp. 23-24 (La.App. 5 Cir. 5/22/12), 92 So.3d 1158, 1172, writ denied, 12-1893 (La.12/14/12), 104 So.3d 440; Succession of Mangle, 452 So.2d 197, 200 (La.App. 3 Cir.1984), unit denied, 452 So.2d 1176 (La. 1984).
A succession representative’s general fiduciary obligations are outlined in La.Code Civ. Proc. art. 3191. This article states that “[a] succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with the law.” Id. Moreover, the succession representative “shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.” Id. The mandates of this article are not restricted to the executor’s functions in relation to the collection, preservation, and management of succession assets. La.Code Civ. Proc. art. 3191, Official Revision Comments (a). Rather, Article 3191 is read expansively so that the executor’s fiduciary obligations “pervade all his operations.” Id.; Succession of Linder, 11-633 at p. 24, 92 So.3d at 31172.
The expansive nature of an executor’s fiduciary obligations encompass the general duties that all fiduciaries are bound by, one of which is an obligation of good faith disclosure. Indeed, the defining characteristic of a fiduciary relationship is “the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor.” Scheffer v. Adams and Reese, LLP, 06-1774, p. 7 (La.2/22/07), 950 So.2d 641, 648. This special relationship imposes on the fiduciary a duty “to render a full and fair disclosure to the beneficiary of all facts which materially affect his rights and interests.” Plaquemines Parish Comm’n Council v. Delta Dev. Co., Inc., 502 So.2d 1034, 1040 (La.1987), superseded by statute on other grounds, recognized in Jenkins v. Starns, 11-1170 (La.1/24/12), 85 So.3d 612.[1] Therefore, all fiduciaries, including succession representatives, have an obligation to make good faith disclosures to the benefi *851 ciary of any material facts that affect his or her rights and interests.
Louisiana courts, as well as courts in other jurisdictions, have recognized this duty of good faith disclosure extends specifically to independent executors. The Second Circuit, for instance, has recognized that while Louisiana’s independent-administration-of-estates law allows an independent executor to act without court authorization, the executor’s fiduciary obligations still require “good faith dealings and managerial disclosure with the heirs and legatees for whom he represents.” Succession of Davis, 43,096 at pp. 9-10, 978 So.2d at 611. This general obligation of good faith disclosure exists so as to avoid disputes between |4the executor and the legatees and to fulfill the executor’s fiduciary obligations. Id. Likewise, the Texas Supreme Court has recognized an independent executor owes “a fiduciary duty of full disclosure of all material facts” known to him that might affect the beneficiary’s interests in the succession. Montgomery v. Kennedy, 669 S.W.2d 309, 313 (Tex.1984). Specifically, the Texas Supreme Court found the executor’s failure to disclose the existence of a mineral lease on succession property concealed a material asset of the estate from the beneficiary. Id.
In light of this jurisprudence and the general obligation of disclosure owed by all who serve in a fiduciary capacity, Prescott, at the very least, had a duty to inform Davis of the AIX lease. This lease produced substantial returns, making its existence a fact which would materially affect Davis’s 1/5 interest in the Claiborne Parish property. As evidenced by this litigation, Davis’s ignorance of the AIX lease lead him to accept a much lower price than his interest was worth in the sale to SOTJ, L.L.C. Prescott, therefore, violated the fiduciary’s special relationship of confidence and trust by failing “to render a full and fair disclosure to the beneficiary of all facts which materially affect his [Davis’s] rights and interests.” Plaquemines Parish Comm’n Council, 502 So.2d at 1040. I find the recall of this writ inappropriate given the importance of the issue presented in this case and our function of giving guidance to the lower courts.

. See also Novelaire Tech., L.L.C. v. Harrison, 08-157, p. 10 (La.App. 5 Cir. 8/19/08), 994 So.2d 57, 63 (same) (citing Plaquemines Parish Comm’n Council, 502 So.2d at 1040); Soderquist v. Kramer, 595 So.2d 825, 830 (La.App. 2 Cir. 1992) (same) (citing Plaquemines Parish Comm’n Council, 502 So.2d at 1040).